UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SANDOVAL, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

LUXOTTICA RETAIL NORTH AMERICA, an Ohio Corporation; doing business as (d.b.a.), LENSCRAFTERS, and DOES 1 through 100, inclusive,

Defendants.

Case No. C 10-5824 PJH

**~~PROPOSED~~ ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

Date:
Time:
Dept.:
Judge: Honorable Phyllis J. Hamilton

The Court having considered the papers submitted in support of the motion of the parties and the argument presented at hearing before this Court on July 27, 2011 at 9:00 a.m., in Courtroom 3 of the United States District Court for the Northern District of California, pursuant to noticed motion, during which counsel for the parties was present.

HEREBY ORDERS THE FOLLOWING:

1. The Court approves, as to form and content, the Notice of Class Action Settlement ("Notice"), in substantially the form attached as Exhibit A to this Order. The Court approves the procedure for Class Members to object to and opt out of the Settlement as set forth in the Notice.

2. The Court directs Simpluris, Inc., as Settlement Administrator, to mail the Notice by first-class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds that the dates selected for the mailing and distribution of the Notice, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

3. A final fairness hearing on the question of whether the proposed Settlement (as set forth in the parties' Class Action Settlement Agreement and Stipulation), attorneys' fees to Class Counsel, and the Class Representative's service payments should be finally approved as fair, reasonable and adequate as to the members of the Class is scheduled for January 11, 2012 at 9:00 a.m. in Courtroom 3.

4. It is ordered that the Settlement Class is preliminarily certified for settlement purposes only.

5. The Court confirms James Hawkins APLC as Class Counsel.

6. To facilitate the administration of this Settlement, the Court hereby enjoins Plaintiff and all Class Members from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless and until such Class Members have filed valid Requests for Exclusion with the Settlement Administrator.

7. The Court orders the following Implementation Schedule for further proceedings:

| | | |
|---|---|---|
| a. | Deadline for Defendant to Provide Names and Addresses of Class Members to the Settlement Administrator | 8/26/2011 |
| b. | Deadline for Settlement Administrator to Mail Notice to Class Members | 9/15/2011 |
| c. | Deadline for Postmark of Any Requests for Exclusion, Comments in Favor of Settlement, and Objections | 10/31/2011 |
| d. | Deadline for Class Counsel to file Motion for Attorneys' Fees and Motion for Final Approval of Settlement | 12/14/2011 |
| e. | Deadline for Opposition Briefs to Objections, Motion for Attorneys' Fees, and Motion for Final Approval of Settlement | 12/21/2011 |
| f. | Deadline for Reply Briefs in support of | 12/28/2011 |

| | Objections, Motion for Attorneys' Fees, and Motion for Final Approval of Settlement | |
|---|---|---|
| g. | Final Fairness Hearing and Final Approval | 1/11/2012 at 9:00 a.m. |

Dated: July 28, 2011

HON. PHYLLIS J. HAMILTON
UNITED STATED DISTRICT COURT



# EXHIBIT A

# NOTICE OF CLASS ACTION SETTLEMENT

Sandoval v. Luxottica Retail North America Inc. dba LensCrafters
United States District Court, Northern District of California, Case No. 4:10-cv-05824-PJH

**To:** **All persons employed as a Retail Manager in a California LensCrafters retail location for Defendant, from August 2, 2009 through August 31, 2010.**

**You are entitled to money from this Settlement. To receive your share, you need not take any action.**

**(The amount you will potentially receive is set forth on the enclosed Green Sheet.)**

**BECAUSE YOUR RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT, PLEASE READ THIS NOTICE CAREFULLY.**

## A. INTRODUCTION

This "NOTICE OF CLASS ACTION SETTLEMENT" ("Notice") is to inform you that this Court has preliminarily approved a Class Action Settlement between the Class Representative Plaintiff Michael Sandoval on behalf of himself and all others similarly situated, and Defendant Luxottica Retail North America Inc. The persons affected by this Settlement (the "Class Members") are all persons who worked as a Retail Manager at California Lenscrafters retail locations at any time from August 2, 2009 through August 31, 2010.

THIS NOTICE IS TO INFORM YOU ABOUT THE STATUS OF THE LAWSUIT, INCLUDING A STATEMENT OF YOUR RIGHTS WITH RESPECT TO A PROPOSED SETTLEMENT OF THE CASE, INCLUDING YOUR OPTION TO FILE OBJECTIONS TO THE SETTLEMENT WITH THE COURT, AND YOUR OPTION TO EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT BY "OPTING OUT."

## B. DESCRIPTION OF THE LAWSUIT.

Plaintiff contends that Class Members were misclassified as exempt from overtime and are thus owed compensation for overtime wages, missed meal breaks, and penalties under California law. Defendant denies and continues to deny all of the allegations in Plaintiff's Complaint and contends that it acted in compliance with the law at all times. There has been no finding of any wrongdoing by Defendant. Defendant does not admit to any wrongdoing or liability.

This Settlement is the result of extensive settlement discussions. Both sides agree that, in light of the risks and expenses associated with further litigation, this Settlement is fair and appropriate under the circumstances. Please be advised that the United States District Court has not ruled on the merits of Plaintiff's claims or Luxottica's defenses.

On [date], the Court preliminarily approved the Settlement. This Notice was sent to you because Defendant's records indicate at some time during the period from August 2, 2009 through August 31, 2010 you worked in a California LensCrafters retail location as a Retail Manager. If you are included in the Class described above, this Settlement will affect your rights.

C. SUMMARY OF TERMS OF THE SETTLEMENT AGREEMENT

Defendant has agreed to pay seventy thousand dollars ($70,000.00) ("Gross Settlement Amount") to resolve all the Claims. The proposed Settlement provides that Class Counsel may apply to the Court for reasonable compensation for professional services (including costs and fees) of seventeen thousand five hundred dollars ($17,500.00), twenty-five percent of the Gross Settlement Amount, as well as reasonable costs, both of which will be paid out of the Gross Settlement Amount. The proposed Settlement also provides that the Class Representative may apply to the Court for a class representative enhancement in a sum up to $2,000.00 for his time and effort in investigating and prosecuting this case on behalf of the class, the risks of coming forward on behalf of the Class, and the risks undertaken for payment of attorneys' fees and costs in the event of an unsuccessful outcome, which amount will be paid out of the Gross Settlement Amount. The proposed Settlement further provides for a payment of one thousand dollars ($1,000.00) to the California Labor and Workforce Development Agency for settlement of claims under the California Labor Code Private Attorneys General Act, Cal. Labor Code § 2698 *et seq.* (the "PAGA" Payment), as well as up to eight thousand five hundred dollars ($8,500.00) to the Settlement Administrator to cover the costs of settlement administration, both of which will be paid out of the Gross Settlement Amount.

The attorneys' fees and costs, class representative enhancement, PAGA Payment, and costs of settlement administration will be deducted from the Gross Settlement Amount to calculate the Net Settlement Amount. The Net Settlement Amount will then be divided by the total number of Eligible Weeks for all Settlement Class Members to calculate a per Eligible Week rate of pay. Your Settlement Payment is determined by multiplying the per Eligible Week rate of pay by your number of Eligible Weeks.

To see an estimate of what you are estimated to receive under the Settlement, please look at the enclosed green sheet. If you disagree with the calculation of your number of Eligible Weeks, you must submit a written challenge to the Settlement Administrator that contains your name, address, telephone number and last four digits of your social security number; a statement of what you contend is your correct number of Eligible Weeks, and provide any evidence to support your position. The written challenge must be delivered to the Settlement Administrator at the following address: Simpluris, Inc., Sandoval Settlement Administrator, 3176 Pullman Street, Suite 123, Costa Mesa CA 92626. Such request must be post-marked on or before [DATE] and the postmark shall be the exclusive means to determine whether a request to opt out of the Settlement has been timely submitted.

If the Court grants final approval of the Settlement, you will be mailed a check for your Settlement Payment once the Settlement becomes final. Fifty-percent of your Settlement Payment is deemed wages, for which you will be subject to payroll deductions and receive a W-2, and fifty-percent of your Settlement Payment is deemed interest and penalties, for which you

will be issued a Form 1099. You should discuss the tax ramifications of your receipt of this money with your tax advisor.

The summary of the proposed Settlement Agreement in this Notice does not include all of the terms and conditions of the Settlement. The only complete statement of the terms of the proposed Settlement is in the actual Stipulation and Agreement to Settle Putative Class Action ("the Settlement Agreement") that has been preliminarily approved by the Court. The proposed Settlement Agreement is available for inspection at the United States District Court, Northern District of California, 1301 Clay Street, Oakland, CA 94612. **PLEASE DO NOT CALL THE COURT OR JUDGE.**

D. BINDING EFFECT OF SETTLEMENT

Each Class Member upon the final approval by the Court of this the Stipulation, and except as to such rights, duties and obligations created by the Stipulation, each Class Member who does not timely and validly opt out of the Settlement ("Plaintiff Class Members"), shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, arising from (1) the Lawsuit and any Claims arising out of or are reasonably related to the facts alleged in the Lawsuit, including without limitation all claims under the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business and Professions Code, claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, other compensation or benefits and (2) any wage and hour violations, whether premised on statute, contract, tort or other theory of liability under state, federal or local law, arising out of or reasonably related to the facts, incidents, transactions, events, occurrences, disclosures, statements, acts, or omissions in law or in equity, asserted or that could have been reasonably asserted from the facts alleged in the Lawsuit by any Plaintiff Class Member against the Releasees from August 2, 2009 through August 31, 2010. The release by Class Members will also include a waiver of any rights a Class Member otherwise may have under California Civil Code Section 1542 regarding unknown and unsuspected claims relating to the Covered Claims. The release by Class Members will not include any individual claim by a Class Member for discrimination, harassment, fraud, negligence, breach of contract, intentional torts, theft or conversion except insofar as such claim is based solely on the failure to comply with the overtime, meal and rest period laws as set forth in this Lawsuit.

This release by the Named Plaintiff and each Plaintiff Class Member is intended to settle any and all of the Settled Claims, whether known or unknown, that any of them may have against the Released Parties as of the date the Court grants preliminary approval of the Settlement. Therefore, as to the Settled Claims, the Named Plaintiff and each Plaintiff Class Member who does not timely and validly opt out of the Settlement waive any and all rights conferred upon them under section 1542 of the California Civil Code, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

In giving this release, the Plaintiff Class Members acknowledge that they are aware that facts may be discovered in addition to or different from those which they now know or believe to be true with respect to the subject matter of the release, but that it is their respective intention to, and they do hereby fully, finally, and forever settle and release any and all Released Parties from any and all Settled Claims without regard to the subsequent discovery or existence of such additional or different facts.

As of the Final Hearing Date, the Plaintiff Class Members, and all successors in interest, shall be permanently enjoined and forever barred from prosecuting any and all Settled Claims released pursuant to this Settlement against the Released Parties. Thus, subject to and in accordance with this Agreement, even if the Named Plaintiff and/or any Plaintiff Class Member may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Settled Claims, they shall be deemed to have, and by operation of the final order and judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Following payment of all timely and valid claims, the Litigation will be dismissed with prejudice.

## E. OPT-OUT PROCEDURE

If you request to be excluded from this Settlement, ("opt out"): (a) you will **not receive any money** under the Settlement of this case; (b) you will not be able to object to the Settlement; (c) you will not be bound by the Settlement in this lawsuit; and (d) you may bring or participate in a separate lawsuit against Defendants if you choose to do so. To opt out of this lawsuit, you must complete and submit a written statement requesting exclusion from the Class on or before [DATE - 45 days after the mailing of the Class Notice.] The statement must request to opt out of the Settlement Class, be signed, and contain your name, address, telephone number and the last four digits of your social security number. The written request must be delivered to the Settlement Administrator at the following address: Simpluris, Inc., Sandoval Settlement Administrator, 3176 Pullman Street, Suite 123, Costa Mesa CA 92626. Such request must be post-marked on or before [DATE] and the postmark shall be the exclusive means to determine whether a request to opt out of the Settlement has been timely submitted.

Any request to opt out of the Settlement that is not timely made or does not comply with the requirements described above, will be null and void and the individual shall be a Class Member

for purposes of the Settlement Agreement and Final Judgment, and will receive a Settlement payment.

F. OBJECTIONS TO THE PROPOSED SETTLEMENT

If you believe that the proposed Settlement should not be finally approved by the Court for any reason, and if you do not elect to opt out of the Settlement, you may object to the proposed Settlement in writing and in person. Only those who have not opted-out of the Settlement may present objections to the Settlement. If you want to object to the proposed Settlement Agreement, you must send an objection to the Court, listing the case number 4:10-cv-05824-PJH, which also must be served on counsel for all parties, in which you state the basis of your objection. To be timely, you must mail to the Court and serve on all counsel listed below your objection by no later than [DATE].

Class counsel are:

JAMES R. HAWKINS
GREG E. MAURO
JAMES HAWKINS, APLC
9880 RESEARCH DRIVE, SUITE 200
IRVINE CA 92618
TELEPHONE: (949) 387-7200
FACSIMILE: (949) 387-6676

Defense counsel are:

JULIE A. TOTTEN
SARA E. DIONNE
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900

If you have any objections or comments, you may appear at the hearing scheduled for [DATE] at [TIME] in Courtroom 3 of the District Court of the United States, Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, to have your objection heard by the Court. You are not required to appear at this hearing if you file a written objection, but you may do so. You have a right to either appear on your own behalf or by counsel at this hearing.

G. ATTORNEYS FEES AND COSTS

You will not have to pay Class Counsel for representing your interests in this lawsuit. As noted above in Section C, the Court will consider and award at the time of final hearing an amount to be paid to Class Counsel as reasonable compensation for their time incurred in this matter and for their actual expenses and costs incurred, which will be paid by out of the Gross Settlement Amount.

H. FURTHER INFORMATION AND ADDRESS OF CLASS COUNSEL

PLEASE DO NOT CALL OR CONTACT THE COURT. If you have any questions about the Settlement Agreement, you may contact the Settlement Administrator at 1-________________. You also may contact Class Counsel.

I. IF THE SETTLEMENT AGREEMENT IS NOT APPROVED

If the Settlement Agreement is not approved by the Court, or if any of its conditions are not satisfied, the conditional Settlement will be voided, no money will be paid, and the case will revert to litigation. However, if that happens there is no assurance: (a) that any decision at trial would be in favor of Class Members; (b) that a favorable trial decision, if any, would be as favorable to the Class Members as this Settlement; or (c) that any favorable trial decision would be upheld if an appeal was filed. The Court has expressed no opinion regarding the merits of the claims or Defendants' potential liability.

J. ADDRESS CHANGES

**It is your responsibility to let the Settlement Administrator know if your address changes.** If you move, sign and mail or fax any change of address along with the last four digits of your Social Security number, former address and new address to:

Simpluris, Inc.
Sandoval Settlement Administrator
3176 Pullman Street, Suite 123
Costa Mesa CA 92626

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE
BY ORDER OF THE DISTRICT COURT

<u>Sandoval v. Luxottica Retail North America Inc. dba LensCrafters</u>
United States District Court, Northern District of California, Case No. 4:10-cv-05824-PJH

Name: ________________________________
Address: ________________________________
Last 4 SSN: ________________________________

Number of weeks worked as a California LensCrafters Retail Manager: ____________________

Estimated Settlement Payment: ________________________________